J-S11013-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| JOSEPH PAUL STALTER | |
| Appellant | No. 807 MDA 2014 |

Appeal from the Judgment of Sentence April 30, 2014
In the Court of Common Pleas of York County
Criminal Division at No(s): CP-67-CR-0004612-2013

BEFORE:  PANELLA, J., OTT, J., and MUSMANNO, J.

MEMORANDUM BY PANELLA, J.                    **FILED APRIL 24, 2015**

Appellant, Jospeh Paul Stalter, appeals from the judgment of sentence entered after he was convicted of involuntary deviate sexual intercourse, indecent assault, corruption of minors, and terroristic threats.  Stalter contends that, in the absence of forensic evidence, the victim's testimony was too vague and contradictory to sustain his convictions.  After careful review, we affirm.

Stalter was charged with the aforementioned crimes as well as one count of aggravated indecent assault arising from allegations that he had, *inter alia*, forced the pre-teen daughter, K.K., of his then-girlfriend, L.K., to perform oral sex on him.  At trial, K.K. initially testified that the assaults occurred when she was nine or ten years old.  During re-direct examination,

and using reference to her grade-level at school, K.K. revised her timeline to indicate that the assaults occurred between sixth and eighth grade.

A friend of K.K.'s testified that approximately a year after the incidents, K.K. revealed the assaults to her. When questioned by police, this friend stated that she did not remember what K.K. had claimed happened, just that K.K. had told her "something" had happened.

K.K.'s sister testified to the events of one night where K.K. came into her bedroom late at night "really scared" and "trembling." She stated that Stalter, drunk, came into the bedroom shortly after K.K. and apologized repeatedly to K.K. He also apologized to K.K.'s sister and told her that he would not do it again. K.K.'s sister testified to believing at the time that Stalter was speaking about being drunk.

L.K. testified that she never saw any direct evidence of the sexual assaults. However, L.K. stated that Stalter had requested that K.K. leave her bedroom door unlocked on nights that L.K. worked, allegedly for safety reasons. L.K. also testified to changes in K.K.'s mood and behavior around the time of the assaults. She specifically recalled K.K.'s declining interest in school, as it was a complete reversal of K.K.'s previous attitude towards school.

Several years after the assaults, K.K. was in an argument with her aunt and revealed the assaults as a cause of her depression and declining

school work. K.K.'s grandmother, who was present during the argument, contacted the police to investigate the matter.

After the jury convicted Stalter, the trial court sentenced him to a term of imprisonment of 10 to 20 years. No post-sentence motions were filed. This timely appeal followed.

On appeal, Stalter purports to raise a single issue: that the evidence at trial was insufficient to sustain his convictions. We review a challenge to the sufficiency of the evidence as follows.

> The standard we apply when reviewing the sufficiency of the evidence is whether viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt. In applying the above test, we may not weigh the evidence and substitute our judgment for the fact-finder. In addition, we note that the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence. Moreover, in applying the above test, the entire record must be evaluated and all evidence actually received must be considered. Finally, the trier of fact while passing upon the credibility of witnesses and the weight of the evidence produced is free to believe all, part or none of the evidence. Furthermore, when reviewing a sufficiency claim, our Court is required to give the prosecution the benefit of all reasonable inferences to be drawn from the evidence.

> However, the inferences must flow from facts and circumstances proven in the record, and must be of such volume and quality as to overcome the presumption of innocence and satisfy the jury of an accused's guilt beyond a reasonable doubt. The trier of fact cannot base a conviction on conjecture and speculation and a

verdict which is premised on suspicion will fail even under the limited scrutiny of appellate review.

*Commonwealth v. Slocum*, 86 A.3d 272, 275-276 (Pa. Super. 2014) (citation omitted).

"In order to preserve a challenge to the sufficiency of the evidence on appeal, an appellant's Rule 1925(b) statement must state with specificity the element or elements upon which the appellant alleges that the evidence was insufficient." *Commonwealth v. Garland*, 63 A.3d 339, 344 (Pa. Super. 2013) (citation omitted). "Such specificity is of particular importance in cases where, as here, the appellant was convicted of multiple crimes each of which contains numerous elements that the Commonwealth must prove beyond a reasonable doubt." *Id*. (citation omitted).

In his Rule 1925(b) Statement of Errors Complained of on Appeal, Stalter argued only that the "evidence was insufficient to support the jury verdict as to all charges in that the alleged victim's testimony was self contradictory; the victim's testimony was contradicted by other evidence; and the alleged victim's testimony was vague as to material facts at issue." Concise Statement, 5/16/14 at ¶5.a. This blanket statement fails to satisfy the requirement that an appellant must state with specificity the elements of the crimes for which there is allegedly insufficient evidence.

Stalter attempted to forestall this result by stating that, in the absence of transcripts, he was unable to provide further detail. However, the argument section of his brief is no more detailed. Stalter fails to identify

specific elements of any of the crimes of which he was convicted. Once again he focuses on the inconsistencies and vagueness of the details provided by the Commonwealth's witnesses. This argument is not an attack on the sufficiency of the evidence, but rather an allegation regarding the weight the victim's testimony should have been afforded. ***See Commonwealth v. Palo***, 24 A.3d 1050, 1055 (Pa. Super. 2011). Since Stalter did not preserve a challenge to the weight of the evidence through post-sentence motions, this issue merits no relief, even if treated as a challenge to the weight of the evidence. ***See*** Pa.R.Crim.P., Rule 607. As Stalter has failed to properly preserve either a sufficiency or weight argument on appeal, we conclude that his sole issue on appeal merits no relief.

Judgment of sentence affirmed. Jurisdiction relinquished.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/24/2015